## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASSIM MOUZONE, | : |
| Plaintiff, | : **Civil Action No. 23-23420 (JXN) (CLW)** |
| v. | : |
| CITY OF PASSAIC, PASSAIC COUNTY, JUDGE SOHAIL MUHAMMAD, and DETECTIVE VALENTINE, | : **MEMORANDUM** **OPINION & ORDER** |
| Defendants. | : |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Kassim Mouzone's ("Plaintiff") complaint (ECF No. 1) (the "Complaint"), as well as Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) (the "IFP Application").  For the reasons set forth below, the IFP Application is **GRANTED**, and the Complaint is **DISMISSED** *without prejudice*.

1.      In submitting the IFP Application, the Complaint is subject to *sua sponte* screening and may be dismissed for "fail[ure] to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii).  The Court applies the same standard of review as that for dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F.App'x 120, 122-23 (3d Cir. 2012).

2.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A claim is "facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The Court must "accept all factual allegations as true, "construe the complaint

1

in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citations and internal quotations omitted).

3.      Pursuant to Rule 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Each averment in a complaint must likewise be "simple, concise, and direct."  *Id.* at (d)(1).  "A district court may sua sponte dismiss a complaint for failure to comply with Rule 8[,]" when it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther v. State Ky. Officers*, 556 F.App'x 91, 92 (3d Cir. 2014) (citation and internal quotations omitted).  Here, the Complaint is dismissed *without prejudice* because it fails to state a claim.[1]

4.      Initially, this matter appears to arise out of the denial of Plaintiff's application for a New Jersey license to purchase a firearm.  (Compl. at 8[2]).  To that end, Plaintiff seeks the reconsideration and reversal of a state court decision.  (Compl. at 21; *see also* Judge Mohammed's Nov. 16, 2023 Ord. (ECF No. 1-4); Letter Order (ECF No. 1-4)).  Plaintiff, however, fails to identify any case law, statute, or Rule by which this Court may do so.

5.      Plaintiff alleges causes of action under 42 U.S.C. §§ 1983 and 1985(3) (*see* Compl. at 8) but sets forth only conclusory and vague allegations that are insufficient to "state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 678 (citation omitted).  For example, despite Plaintiff's claim that he "seeks redress for the violations of Second and Fourteenth amendment constitutional rights" (*see* Compl. at 8), Plaintiff does not allege who violated his constitutional rights, when the violation occurred, and accordingly, does not adequately notify any

---

[1] The Complaint also violates Rule 10.  *See* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").
[2] The Court refers to the ECF Header page numbers.

defendant of the claims against them.  *See Radhakrishnan v. Pugliese*, No. 20-220, 2021 WL 11593799, at *1 (D.N.J. May 21, 2021) (Complaint is a "shotgun pleading" if it fails to "specify[] which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.") (citation and internal quotations omitted).  Plaintiff only alleges that "Judge Mohammed overlooked [Plaintiff's] Second Amendment rights" with nothing more. (Compl. at 16).

6.      Further, Plaintiff does not allege how Judge Mohammed's "fail[ure] to address the threat highlighted by multiple break-ins at [Plaintiff's] home" (*see id.*), is actionable.  Additionally, Plaintiff's allegation that unnamed parties' false claim that Plaintiff did not apply for an expungement "could potentially lead to an assertion of a conspiracy between various legal entities to prevent the appellant from exercising his Second Amendment right to bear arms" (*see* Compl. at 18), does not state a claim.  *See D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (Court "need not . . . credit a *pro se* plaintiff's bald assertions or legal conclusions.") (citation and internal quotations omitted).

7.      Moreover, Plaintiff cites a criminal statute, 18 U.S.C. § 922(g)(1), as a purported cause of action (*see* Compl. at 10), which concerns certain persons being ineligible to "ship or transport . . . any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  Based on the face of the Complaint, however, the statute does not appear to apply.

8.      Accordingly, because Plaintiff's Complaint does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii), it is dismissed in its entirety *without prejudice*.

For all the foregoing reasons, it is hereby,

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-1) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** ***without prejudice***; it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of this Memorandum Opinion and Order to cure the deficiencies discussed herein; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action subject to restoration to the active docket should Plaintiff file an amended complaint within the specified time.

DATED: 1/8/2024                                         s/ Julien Xavier Neals
                                                             **JULIEN XAVIER NEALS**
                                                             United States District Judge