UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KASSIM MOUZONE,

          Plaintiff,

v.

CITY OF PASSAIC, *et al.*,

          Defendants.

Civil Action No. 23-cv-23420 (JXN)(CLW)

**OPINION**

**NEALS**, District Judge

    Before the Court is *pro se* Plaintiff Kassim Mouzone's ("Plaintiff") motions to reopen the time to file an appeal, pursuant to Federal Rule of Appellate Procedure[1] 4(a)(6) (ECF No. 10), and to amend the complaint on remand (ECF No. 11). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motions are **DENIED**.

**I.    BACKGROUND**

    In 2020, Plaintiff's application for a New Jersey license to purchase a firearm was denied. (Complaint ("Compl") at 12-13,[2] ECF No. 1.) A New Jersey Superior Court judge upheld the denial. (*Id.* at 14.) On December 29, 2023, Plaintiff sued the City of Passaic, Passaic County, Judge Sohail Mohammed, and "Detective Valentine"[3] ("Defendants"). (*See generally id.*) Plaintiff also

---

[1] All references to "Appellate Rule" or "Appellate Rules" hereinafter refer to the Federal Rules of Appellate Procedure.

[2] The Court refers to ECF header page numbers.

[3] The complaint does not provide Detective Valentine's first name. (*See* Compl.)

applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* First IFP Appl., ECF No. 1-1.) He requested an injunction to reverse the state court's decision. (*See* Compl. 17.)

On January 8, 2024, the Court granted Plaintiff's IFP application but dismissed the Complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Mouzone v. City of Passaic*, No. 23-23420, 2024 WL 86403 (D.N.J. Jan. 8, 2024). The Court noted Plaintiff sought to reverse a state court decision, but failed "to identify any case law, statute, or Rule by which this Court may do so." *Id.* at 1. And, to the extent Plaintiff sought relief under 42 U.S.C. §§ 1983 and 1985, the Court concluded "Plaintiff d[id] not allege who violated his constitutional rights, when the violation occurred, and accordingly, d[id] not adequately notify any defendant of the claims against them." *Id.* The Court granted Plaintiff thirty days to cure the deficiencies in his Complaint. *Id.* at 2.

Plaintiff did not timely file an amended complaint. Nearly seven months later, Plaintiff moved to reopen his case. (*See* Mot. to Reopen Case, ECF No. 4.) Plaintiff argued he did not receive notification of the Court's January 8, 2024 decision, and, therefore, good cause existed to reopen the case. (*Id.*) The Court denied Plaintiff's motion on January 31, 2025. (*See* Order, ECF No. 5.) The Court concluded Plaintiff failed to demonstrate excusable neglect, his motion failed to comply with Local Civil Rule 7.1(d)(1), and that any proposed amendment would be futile because District Courts are barred from "exercising appellate jurisdiction over final state-court judgments." (*Id.* at 2 n.3 (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). Consequently, the Court denied Plaintiff's motion and dismissed the Complaint with prejudice. (*Id.* at 3.)

On May 21, 2025, Plaintiff filed an IFP application and a motion to reopen the time to file an appeal of the Court's January 31, 2025 Dismissal Order, pursuant to Appellate Rule 4(a)(6).

(Mot. to Reopen Time to Appeal, ECF No. 10; Second IFP Appl., ECF No. 10-1.) Plaintiff also moved for leave to amend the complaint on remand. (Mot. for Leave to Amend, ECF No. 11.)

## II. LEGAL STANDARD

Appellate Rule 4(a)(6) states:

> The [D]istrict [C]ourt may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the [C]ourt finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the [C]ourt finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The Rule "provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk." *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995). The moving party bears the burden of demonstrating they did not receive notice of the entry or judgment sought to be appealed. *See Jacobs v. Warden*, 666 F. App'x 111, 112 (3d Cir. 2016) (noting "the movant . . . bears the burden of proving delayed receipt.").

Viewing Plaintiff's motion to reopen the time to file an appeal liberally,[4] it appears he principally seeks to appeal this Court's January 31, 2025 Dismissal Order *in forma pauperis*. Appellate Rule 24 governs *in forma pauperis* appeals. Generally, "a party to a district-court action

---

[4] "A document filed pro se is 'to be liberally construed . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). However,

> [a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the [D]istrict [C]ourt--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3).

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915 (b)(3). "'[G]ood faith' in this context must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Court considered "a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous." *Id.* Consequently, "a finding of frivolousness is viewed as a certification that the appeal is not taken in good faith." *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 455 n.6 (3d Cir. 1996) (quoting *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.4 (3d Cir. 1990)). "An appeal is frivolous where none of the legal points is arguable on its merits." *Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.").

### III.   DISCUSSION

Plaintiff's appeal lacks an arguable basis in law. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under the *Rooker-Feldman* doctrine, district courts lack jurisdiction to hear "cases brought by state-court [litigants] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("[District courts] do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) ("[N]o court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court] judgment . . . .").

Plaintiff unsuccessfully challenged the denial of a firearms permit in state court. (Compl. 14.) Now he asks this Court to overrule the state court. (*Id.*) The *Rooker-Feldman* doctrine squarely precludes this Court from doing so. *Exxon Mobil Corp.*, 544 U.S. at 284. Because Plaintiff's appeal has no arguable basis in law, it is frivolous. *Vitti*, 218 F. App'x at 163. And because Plaintiff's appeal is frivolous, it is not taken in good faith. *Urrutia*, 91 F.3d at 455 n.6. Plaintiff's *in forma pauperis* appeal and his motion to reopen the time to file an appeal must therefore be dismissed.[5] 28 U.S.C. § 1915 (b)(3); Fed. R. App. P. 24(a)(3).

The Court also dismisses Plaintiff's motion for leave to amend on remand. Plaintiff seeks to amend his complaint if the Third Circuit Court of Appeals reverses and remands the Court's January 31, 2025 Dismissal Order. (*See* Mot. for Leave to Amend.) But the Third Circuit has not reversed or remanded that order. Therefore, Plaintiff's motion for leave to amend on remand is denied as premature.

---

[5] Plaintiff's motion to reopen the time to file an appeal is also procedurally and substantively deficient. Procedurally, the motion failed to comply with Local Civil Rule 7.1(d)(1), which requires the moving party to file "proof or acknowledgment of service on all other parties . . . with the Clerk at least 24 days prior to the noticed motion day. The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page." Substantively, Plaintiff failed to provide any evidence demonstrating he did not receive notification of the Court's orders. In its January 31, 2025 dismissal order, the Court noted the screenshots Plaintiff attached to his motion to reopen his case showed electronic filing notifications for a different docket. (Order 2 n.2.) Plaintiff provides no new evidence on this docket in his motion to reopen the time to file an appeal. (*See* Mot. to Reopen Time to File Appeal.)

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to reopen the time to file an appeal (ECF No. 10) is **DENIED**, and Plaintiff's motion for leave to amend on remand (ECF No. 11) is **DENIED as premature**. An appropriate Order accompanies this Opinion.

**DATED**: October 29, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge